IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PETER GRAVES, | | |
| | Plaintiff, | No. 2:11-cv-01119 KJM KJN PS |
| v. | | |
| SUTTER BOARD OF DIRECTORS, et al., | | |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |

| | | |
|---|---|---|
| PETER GRAVES, | | |
| | Plaintiff, | No. 2:11-cv-01120 KJM KJN PS |
| v. | | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | | |
| | Defendants. / | FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding without counsel, filed complaints and applications to proceed in forma pauperis in the above-captioned cases. Although these two cases have not been formally related, the undersigned addresses the pending applications to proceed informa pauperis, and screens the complaints, in both cases herein because plaintiff's complaints are

1

nearly identical, are premised on the same events complained of by plaintiff, and involve some of the same defendants.[1]  For the reasons stated below, the undersigned recommends that both of plaintiff's cases be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and that his applications to proceed in forma pauperis in both cases be denied as moot.

I.      Plaintiff's Applications to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Although plaintiff's applications and declarations filed in both cases make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2), the undersigned recommends that plaintiff's applications to proceed in forma pauperis be denied as moot because, as discussed below, the undersigned also recommends that plaintiff's actions be dismissed without leave to amend.

II.     Screening of Plaintiff's Complaint

The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to section 1915(e)(2), the court shall dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is "frivolous or malicious," the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(A)-(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled,

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

2  In assessing whether a plaintiff's complaint fails to state a claim on which relief
3  can be granted, the court adheres to the "notice pleading" standards.  Under the notice pleading
4  standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a
5  "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ.
6  P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130
7  S. Ct. 1053 (2010).  A complaint should be dismissed for failure to state a claim if, taking all
8  well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to
9  relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th
10 Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial
11 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
12 inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty.
13 Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The
14 court accepts all of the facts alleged in the complaint as true and construes them in the light most
15 favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is
16 "not, however, required to accept as true conclusory allegations that are contradicted by
17 documents referred to in the complaint, and [the court does] not necessarily assume the truth of
18 legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559
19 F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading
20 liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in
21 the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that
22 the plaintiff can correct the defect.  See Lopez, 203 F.3d at 1130-31.
23 ////
24 ////
25 ////
26 ////

Plaintiff's complaints at issue here, which name over 20 individuals or entities as defendants, are two of 19 actions that plaintiff filed in this court within the last year.[2] In these two actions, plaintiff alleges that his civil rights were violated because he was not approved by his insurance company to see the medical specialist that he desired to visit, even though those physicians' website profiles listed them as accepting new patients. Although plaintiff wished to see a "Sutter Medical Doctor," he was approved to visit the "River City Medical Group." Plaintiff claims in both cases that this decision was made because plaintiff is disabled and receives Social Security Income benefits, and that this alleged discriminatory conduct violated Title VI of the Civil Rights Act, Title II of the American with Disabilities Act of 1990 ("ADA"), and the "Uniform Commercial Code title 2." Among the relief sought, plaintiff requests that defendant Anthem Blue Cross's federal funding be taken away, that plaintiff receive damages in excess of $460,000, that all defendants except for Anthem Blue Cross be required to volunteer at a particular health care clinic located in Sacramento, California, and that plaintiff be hired to sit on the board of the Sutter Board of Directors.

---

[2] Plaintiff can be fairly characterized as a frequent filer of lawsuits in this court. Between November 4, 2010, and August 1, 2011, plaintiff filed 19 actions in this court: Graves v. Holder, No. 2:10-cv-02970 WBS EFB PS (E.D. Cal.); Graves v. Berrien, No. 2:10-cv-03015 MCE EFB PS (TEMP) (E.D. Cal.); Graves v. Clinton, No. 2:10-cv-03106 JAM DAD PS (E.D. Cal.) (closed); Graves v. Clinton, No. 2:10-cv-03128 JAM KJN PS (E.D. Cal.) (closed); Graves v. Clinton, No. 2:10-cv-03156 MCE KJN PS (E.D. Cal.); Graves v. Donahoe, No. 2:11-cv-00329 MCE EFB PS (E.D. Cal.); Graves v. Visek, No. 2:11-cv-00367 JAM GGH PS (E.D. Cal.) (closed); Graves v. Sebelius, No. 2:11-cv-00453 MCE EFB PS (E.D. Cal.); Graves v. Dep't of Health & Human Servs., No. 2:11-cv-01077 JAM GGH PS (E.D. Cal.); Graves v. Sutter Bd. of Directors, No. 2:11-cv-01078 JAM CMK PS (TEMP) (E.D. Cal.) (closed); Graves v. Sutter Bd. of Directors, No. 2:11-cv-01119 KJM KJN PS (E.D. Cal.); Graves v. U.S. Dep't of Health & Human Servs., No. 2:11-cv-01120 KJM KJN PS (E.D. Cal.); Graves v. UC Davis, No. 2:11-cv-01164 KJM KJN PS (E.D. Cal.); Graves v. Mendez, 2:11-cv-01316 KJM EFB PS (TEMP) (E.D. Cal.); Graves v. Johnson, No. 2:11-cv-01851 GEB GGH PS (E.D. Cal.) (closed); Graves v. Experien, No. 2:11-cv-01943 GEB JFM PS (E.D. Cal.) (closed); Graves v. Experien, No. 2:11-cv-01977 GEB JFM PS (E.D. Cal.) (closed); Graves v. Experien, No. 2:11-cv-01988 GEB JFM PS (E.D. Cal.); and Graves v. The Big 3 Credit Agencies, No. 2:11-cv-02024 MCE GGH PS (E.D. Cal.). The undersigned notes that the pattern of plaintiff's myriad case filings strongly suggests that plaintiff is "judge-shopping" in order to obtain a particular district judge assignment. Plaintiff is warned that such behavior may very well result in the imposition of monetary sanctions, the dismissal of one or more of the pending actions, an order declaring plaintiff a vexatious litigant, or a combination of these sanctions.

1          The undersigned recommends that plaintiff's action be dismissed with prejudice.
2  First, the undersigned recommends that plaintiff's lawsuit be dismissed as frivolous, malicious,
3  or both pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Plaintiff's lawsuit readily appears to be an
4  attempt to harass, annoy, or punish a health care system, its board of directors, several health care
5  providers, an insurance company, and others because plaintiff did not get to see the physician he
6  wanted to see.  Several threatening emails appended to both of plaintiff's complaints support the
7  conclusion that plaintiff's intention is in very large part to harass the named defendants,
8  especially those who sit on the Sutter Board of Directors.  Additionally, as discussed below,
9  plaintiff cannot state claims on which relief can be granted, which supports the conclusion that
10 plaintiff's claims lack a basis in law.  As a result, plaintiff's lawsuits should not be permitted to
11 proceed.
12         Second, even if plaintiff's lawsuits are not frivolous or malicious, plaintiff's cases
13 should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff has failed to state
14 claims on which relief may be granted.  Plaintiff expressly bases his claims on Title VI of the
15 Civil Rights Act, the ADA, and Article 2 of the Uniform Commercial Code ("UCC").  Neither
16 these statutes nor the UCC provides a legal basis for plaintiff's claims.
17         Plaintiff's claim or claims premised on Title VI of the Civil Rights Act fail
18 because Title VI does not cover the alleged discrimination at issue.  Although plaintiff claims
19 discrimination on the basis of his disability, Title VI applies to discrimination on the basis of
20 race, color, or national origin.  See 42 U.S.C. § 2000d ("No person in the United States shall, on
21 the ground of race, color, or national origin, be excluded from participation in, be denied the
22 benefits of, or be subjected to discrimination under any program or activity receiving Federal
23 financial assistance.").  Accordingly, plaintiff's claims fail to the extent they are based on Title
24 VI of the Civil Rights Act.
25         Plaintiff's claim or claims premised on Title II of the ADA also fail.  Title II of
26 the ADA generally applies to disability discrimination by a public entity and the exclusion "from

participation in or [the denial of] benefits of the services, programs, or activities of a public entity." See 42 U.S.C. § 12132. However, the ADA's relevant definition of "public entity" does not include agencies of the federal government, which are the only agencies that might be the subject of plaintiff's claims. See 42 U.S.C. § 12131(1)(A)-(c) (defining the term "public entity" as "any State or local government"; "any department, agency, special purpose district, or other instrumentality of a State or States or local government"; and "the National Railroad Passenger Corporation, and any commuter authority"). Accordingly, plaintiff's ADA claims fail as a matter of law.

Finally, plaintiff's claim or claims premised on Article 2 of the UCC, which in California is codified in Division 2 of the California Commercial Code, fail as a matter of law because plaintiff's claims do not involve the sale of goods. UCC § 2-102 provides that Article II expressly applies to "transactions in goods." Accord Cal. Comm. Code § 2102. The term "goods" is defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action." UCC § 2-105(1); accord Cal. Comm. Code § 2105(1). Plaintiff's claims are not premised on the sale of "goods" and, accordingly, neither Article 2 of the UCC nor Division 2 of the California Commercial Code provides a basis for plaintiff's claims.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint in case number 2:11-cv-01119 KJM KJN PS be dismissed with prejudice, and the Clerk of Court be directed to close that case.

2. Plaintiff's complaint in case number 2:11-cv-01120 KJM KJN PS be dismissed with prejudice, and the Clerk of Court be directed to close that case.

3. Plaintiff's applications to proceed in forma pauperis in the cases numbered 2:11-cv-01119 KJM KJN PS and 2:11-cv-01120 KJM KJN PS be denied as moot.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

        IT IS SO RECOMMENDED.

DATED:  September 13, 2011

                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE